PARACCHINI, PLAINTIFF AND APPELLANT, v. VILÁ ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action for
Specific Performance of Contract.

No. 1230.—Decided July 30, 1915.

LEASE—OPTION—CONDITIONS.—Having examined the evidence introduced at the
trial, it was *held:*
1. That plaintiff, Francisco Paracchini, is the assignee of Paracchini,
Toro & Company as regards the contract of lease entered into by the said
firm with the spouses José Vilá Soler and María de la Paz Palermo on
April 8, 1903.
2. That in clause 5 of the contract it was the intention of the lessor to
give the lessee firm an absolute and unconditional option to renew the lease
at a monthly rental not to exceed $150 under the conditions of the said
contract of April 8, 1903.
ID.—OPTION—CONSTRUCTION.—When the intention to give an absolute and uncon-
ditional option for the renewal of the lease appears clearly from the wording
of one of the clauses of the original contract, the literal meaning of the said
clause must be followed, according to section 1248 of the Civil Code.
ID.—CONTRACT—CONSTRUCTION—INTENTION.—According to section 1249 of the
Civil Code and the jurisprudence of the Supreme Courts of Spain and Porto
Rico, in order to ascertain the intentions of the contracting parties their
acts previous to, contemporaneous with and subsequent to the execution of
the contract, should be taken into consideration.

The facts are stated in the opinion.

Messrs. *José Tous Soto* and *Rafael Palacios Rodríguez*
for the appellant.

Mr. *Gustavo Rodríguez* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

On March 15, 1913, Francisco Paracchini y Marcantetti
filed a complaint in the District Court of Ponce praying that
the defendants, as heirs of the spouses José Vilá y Soler
and María de la Paz Palmero, be adjudged to execute to the
plaintiff, as assignee of the rights of the mercantile firm
of Paracchini, Toro & Company, a deed of lease of the town
property called "Puerta del Sol," situated in the city of
Ponce, at a rental of $150 monthly and for the term and
under the conditions stipulated in the lease of the said prop-

erty which was entered into by the said spouses before Notary Luis L. Yordán Dávila on April 8, 1903, in favor of the said mercantile firm.

By the said lease José Vilá y Soler, with the consent of his wife, María de la Paz Palermo, leased to the firm of Paracchini, Toro & Company, represented by Francisco Paracchini y Marcantetti, the said town property for $120 monthly for a period of five years beginning March 17, 1903, and terminating on the same day and month of the year 1908, with the right to extend the same at the option of the lessee for another five years, or from March 17, 1908, until the same day and month of the year 1913.

It was stipulated in clause 4 of the lease that in case of its being extended as agreed upon all the conditions contained in the lease should continue in force, with the only exception that if the books of the lessee firm showed that it had sold for cash goods to the amount of $60,000 annually during the first five years of the lease, it should pay $150 from the commencement of the five years of the renewal until the termination of the contract, even though the sales should not reach that figure during the period of extension.

It was also covenanted in clause 5 that "it was expressly agreed that if at the expiration of the five years of extension Vilá or his heirs had not sold the leased property the lessee firm should be given preference to renew the lease at a rental not to exceed $150, to which Vilá binds himself in the most solemn manner."

Besides the said covenants the following, in synopsis, were also agreed upon: (1) The lessee may sublet the property in whole or in part with the consent of the owner; (2) the necessary repairs to the property shall be for account of the lessor, the lessee firm to make the repairs if they are not made promptly by the owner and deduct the amount from one-half of the stipulated rent; (3) taxes of all kinds, including the municipal water-rent, to be paid by Vilá; (4) interior improvements to the property to be made by the lessee firm

after obtaining the consent of the owner, for whose benefit the improvements shall remain at the termination of the contract; (5) the counters, shelves and show cases then existing on the property shall belong exclusively to the lessee firm, which may remove the same at the final expiration of the contract, provided that Vilá should not elect to purchase the same at the price fixed by the appraisers, one to be appointed by each party and a third in case of disagreement; (6) prohibition to alienate the property without providing for the observance of the contract; (7) the contract to be recorded in the registry of property; (8) reservation to The People of Porto Rico and the municipality of Ponce of the right of preference for the collection of taxes levied on the property and submission to the ordinary courts of the said city for the adjustment of all questions arising from the contract.

As facts constituting his cause of action, in addition to the conditions stipulated in the deed of lease of April 8, 1903, and particularly those contained in said clause 5, the plaintiff alleged that the original contract which expired March 17, 1908, was renewed in accordance therewith for another five years, which expired on March 17, 1913; that the lessee firm of Paracchini, Toro & Company, whose term expired on December 19, 1903, was dissolved by an instrument of August 17 of the same year and was succeeded by the firm of F. Paracchini & Company, created by the same instrument, as the liquidators and assignees of its assets and liabilities, and the latter firm was dissolved by another instrument of November 18, 1908, one of the partners, Francisco Paracchini, the plaintiff, acquiring from the other member, Leopoldo Reverter, all the assets and liabilities of the dissolved firm; that by the death of the spouses Vilá Soler and María de la Paz Palermo the leased property passed to their heirs, the defendants; that upon the expiration of the renewed lease the plaintiff, by virtue of the covenant contained in clause 5 of the lease, required the defendants to execute a new lease of the property to him for a term of five years

at a monthly rental of $150 and subject to the other conditions stipulated in the former lease; that the defendants are the present owners of the property and none of them has sold his joint interest therein to any person.

In answering the complaint the defendants admitted the lease of the building called "Puerta del Sol" to Paracchini, Toro & Company by a public instrument of April 8, 1903; that they are the present owners of the same by inheritance from the spouses José Vilá and María de la Paz Palermo, and that none of them has sold his interest therein to any person; but they deny the other allegations of the complaint and as new matter of defense allege: That José Vilá, the father of the defendants, leased the property to Francisco Paracchini at the same rental paid by the dissolved firm of Paracchini, Toro & Company, the term of the lease being fixed for the remainder of the time for which it had been leased to the said firm, or until March 17, 1913, without any concession or agreement as to the future; that the firm of Paracchini, Toro & Company, organized on February 27, 1899, was dissolved by an instrument of August 17, 1903, and the firm of F. Paracchini & Company, which was organized on that date and purchased the assets and assumed the liabilities of the dissolved firm, took charge of the liquidation of its affairs; that the firm of F. Paracchini & Company was dissolved on March 17, 1908, and Francisco Paracchini was appointed liquidator of the same and assumed charge of its assets and liabilities.

The answer concludes with the prayer that judgment be rendered as follows: (1) That the plaintiff has no preference to a new contract of lease of the said property; (2) that the defendants are not bound to grant the plaintiff a new lease of the property in question under the same conditions of the contract of lease entered into with Paracchini, Toro & Company; (3) that the plaintiff be ordered to pay the costs, expenses, disbursements and attorney fees of the defendants.

The case went to trial and on May 25, 1914, the court rendered judgment ''dismissing the complaint and decreeing specially for such purposes as may follow that plaintiff Francisco Paracchini y Marcantetti is entitled to preference to a new lease of 'La Puerta del Sol' over any other lessee, and that Paracchini is not bound to pay a monthly rental in excess of $150, but that the defendants are under no obligation to execute to him a new lease of the said property under the same conditions (except as to the amount of rent) stipulated in the original contract entered into with the firm of Paracchini, Toro & Company on April 8, 1903, without special imposition of costs, disbursements and attorney fees.''

From that judgment the plaintiff appealed to this court.

The fundamental questions to be decided in the present appeal arising from the pleadings of both parties are the following: (1) Whether the firm of Paracchini, Toro & Company assigned its interest in the lease which it entered into with the spouses Vilá-Palermo on April 8, 1903, to the plaintiff, Paracchini; (2) whether by clause 5 of the said lease it was the intention of the lessor to grant to the lessee firm a right of preference to a new lease on the single condition that the monthly rental could not exceed $150, the other conditions of the new lease to be fixed when the time came for its execution, or whether, on the contrary, it was intended to stipulate that the monthly rental of the new lease should not exceed $150 and the other conditions should be the same as those governing the lease of April 8, 1903.

As to the first question, the lower court reached the conclusion that plaintiff Paracchini is the assignee of the firm of Paracchini, Toro & Company and that conclusion seems to us to be in accordance with the law and the facts of the case.

From the evidence introduced at the trial it appears (*a*) that the mercantile firm of Paracchini, Toro & Company was created in Ponce by a public instrument of February 27, 1899, composed of Francisco Paracchini y Marcantetti, José María

Toro, and Leopoldo Reverter y Tarrats, and its term of duration was for five years beginning December 19, 1898, and ending December 19, 1903; (*b*) that before the expiration of that term the said firm of Paracchini, Toro & Company was dissolved by a public instrument of August 17, 1903, and on that same date and by that same instrument Francisco Paracchini and Leopoldo Reverter organized a new limited partnership under the name of F. Paracchini & Company for a period of five years beginning August 10, 1903, and ending August 10, 1908, the said Paracchini being the only managing partner and Reverter being the special partner; and the new partnership of F. Paracchini & Company took charge of the liquidation of the old firm of Paracchini, Toro & Company and of its assets and liabilities and also purchased the interest which Toro had therein; (*c*) that by another instrument of November 18, 1908, Francisco Paracchini and Leopoldo Reverter dissolved the partnership of F. Paracchini & Company, and Paracchini assumed charge of the liquidation of the dissolved partnership as well as of its liabilities and assets, he to continue the business of the firm as a private merchant, purchasing Reverter's interest in the dissolved firm; (*d*) that the rent receipts from 1901 to 1913, the last two being of December 31, 1912, and February 28, 1913, were issued first by José Vilá, later by his widow and finally by his heirs and show that some were made out in favor of Paracchini, Toro & Company, others in favor of F. Paracchini & Company, and others corresponding to the years 1909, 1910, 1911, 1912 and 1913 in favor of Francisco Paracchini; (*e*) that after reciting in an instrument of March 14, 1913, that they "are the owners of the town property * * * known as 'Puerta del Sol,' which property they inherited from their lawful father, José Vilá y Soler, and is in the possession of Francisco Paracchini as lessee who conducts a hardware business therein and whose lease would expire on March 17 of the same year of 1913," the defendants notified Paracchini that as other persons had

offered to take a lease of the said property at a rental of
$175 monthly, if he wished to renew his lease it would be
granted under the following conditions: (a) For a term of
one year; (b) monthly rental of $150; (c) lessee to pay for
all repairs required in the interior of the building and those
which he might wish to make to the exterior; (d) work or-
dered by the Department of Sanitation to be for account
of the lessee; (e) improvements made by the lessee to be
for the benefit of the owners; (f) termination of lease in case
of sale of the property, the tenant to have two months in
which to vacate it; (g) prohibition to sublet the property
without the consent in writing of all the owners; (h) option
to renew the contract at end of the year at a monthly rental
of $175 for the first three years and of $185 for the follow-
ing years. In the same instrument it was demanded that in
case of his non-acceptance of the said conditions, Paracchini
should vacate the premises within two months, it being under-
stood that if he did not do so he would have to pay a rental
of $175 for each month that he occupied the property. Parac-
chini answered this demand saying that he would not accept
the proposed conditions and that he had made a demand upon
the owners for compliance with the conditions of clause 5 of
the lease of April 8, 1903, by renewing the lease under like
conditions for a term of five years, he being disposed to pay
the $150 monthly, as stipulated in the contract, and comply
with the other conditions thereof during the said period.

In view of the evidence set out herein, it must be admitted
without the slightest doubt that although the lease was made
by José Vilá y Soler to Paracchini, Toro & Company, upon
the dissolution of that partnership, it continued in force with
F. Paracchini & Company and upon the dissolution of the
new firm it remained in force as to Francisco Paracchini,
and neither José Vilá y Soler nor his succession made any
objection to this state of facts, for they accepted from F. Pa-
racchini & Company and from Francisco Paracchini, the plain-
tiff, the payments of rent. Moreover, in the instrument of

notification and demand of March 14, 1913, the defendants expressly recognized Francisco Paracchini as the lessee of the building "Puerta del Sol," which character he could have derived only as assignee of the contract of lease of April 8, 1903.

The first question must be decided in favor of the plaintiff and appellant, as must also the second question as we shall proceed to show.

The language of clause 5 of the contract of lease of April 8, 1903, leaves no doubt as to the intention of the contracting parties. José Vilá y Soler, the lessor, gave the lessee firm of Paracchini, Toro & Company an option to renew the lease of the property "Puerta del Sol" at a monthly rental of not more than $150 after the expiration of the extended term of five years provided Vilá or his heirs had not sold the said property. That option to renew the lease at a rental of not more than $150 was absolute; but there was no other condition than that the lessee firm should have an option of taking a new lease provided it was disposed to pay a monthly rental of not less than $150.

The other conditions of the lease were not to be such as the parties might agree upon for the new contract, but those already stipulated in the contract of lease of April 8, 1903, in which the preference granted to Paracchini, Toro & Company was recognized. If the lessor had been allowed to exact different conditions in the new lease from those in the contract of April 8, 1903, and its extension, the option of Paracchini, Toro & Company would not have been absolute, but conditional, subject to such new conditions as Vilá might impose and Paracchini, Toro & Company might accept. It would have been subject to the will of Vilá who, in order to defeat the option given to Paracchini, Toro & Company, could have refused to fix such new conditions or have made them so burdensome that the lessee firm undoubtedly would not have accepted them. The validity and fulfilment of the condition contained in clause 5 of the contract of lease would have

depended solely upon one of the contracting parties, José Vilá, in contravention of section 1223 of the Civil Code, which provides that the validity and fulfilment of contracts cannot be left to the will of one of the contracting parties. It was not expressly stated in said clause 5 that except as to the amount of rent the other conditions were to be specified later in order that the lessee firm might use its option for the new lease, and this being the case, it is logical to infer that it was the intention of the parties that the same conditions stipulated in the contract of lease should govern.

The intention of José Vilá to recognize the absolute and unconditional right of Paracchini, Toro & Company to a new lease at a monthly rental not to exceed $150 was plainly shown by the wording of clause 5 of the contract of April 8, 1903; and, according to section 1248 of the Civil Code, we must follow the literal meaning of that clause; but if it should admit of different meanings as to whether the other conditions which should govern the new contract were to be the same as those of the former contract or such as José Vilá might see fit to specify, it should be understood in the sense most suitable to give it effect, pursuant to the provision of section 1251 of the said code—that is, in the sense that except as to the amount of the rent the other stipulations contained in the contract of April 8, 1903, should govern the new contract, for otherwise, as stated before, the validity and fulfilment of the option given to Paracchini, Toro & Company would be left to the will of Vilá.

This conclusion is reached also by the application of section 1249 of the Civil Code, which provides that in order to judge as to the intention of the contracting parties attention must be paid principally to their acts at the time of and subsequent to the execution of the contract; and, according to the jurisprudence of the Supreme Court of Spain as well as of this court, to their previous acts also.

By a public instrument of March 16, 1889, José Vilá y Soler leased to the mercantile firm of Tarrats, Reverter &

Company, represented by its manager Leopoldo. Reverter y Tarrats, the town property in question, under the following conditions: (a) That the term of the lease should be six years, ending March 16, 1895, at a monthly rental of 150 Mexican *pesos;* (b) that upon the expiration of the. lease the said term might be extended for a further period of eight years at a monthly rental of 165 *pesos;* (c) that upon the expiration of these fourteen years Tarrats, Reverter & Company should have the right to renew the lease of the property at a rental equal to that offered by any other person; (d) that the lessee firm might sublet the whole or part of the property during the fourteen years; (e) the repairs to the house to be for the exclusive account of Vilá, who should make the same when necessary and in case they should be made by the lessee firm, the cost thereof should be deducted from the rent; (f) Vilá to pay any and all taxes which might be imposed on the property, including the municipal water tax; (g) such interior improvements as might be made to the building with the assent of the owner to remain upon the property and no claim for their value to lie against Vilá; (h) Vilá should not sell the building in whole or in part to the prejudice of the lessee firm, but the lease should be respected by any one who might acquire the ownership of the property.

As is seen, that contract also gave an option to the lessee firm of Tarrats, Reverter & Company for a renewal of the lease at a rental equal to that offered by any other person. When the lease of the said building was made by José Vilá y Soler to Paracchini, Toro & Company on April 8, 1903, for a term of five years beginning March 17, 1903, which was the exact date on which the prior contract of lease of March 16, 1889, and its extension expired, the same conditions were agreed upon as those set out in the lease to Tarrats, Reverter & Company, with the exception of those relating to the amount of the rent and its term of duration. The lease of March 16, 1889, as we have stated,. granted the lessee firm the right to renew the lease of the property at a rental equal

to that offered by any other person, without stating what that rental should be, differing from what was covenanted in the lease of April 8, 1905, in which the option is given to Parac-.chini, Toro & Company to renew the lease at a monthly rental of not more than $150.

If in executing the lease of his building to Paracchini, Toro & Company, successors to Tarrats, Reverter & Company, on April 8, 1903, José Vilá understood that the same conditions stipulated in the former lease of March 16, 1889, were to continue, that understanding reveals the intention on the part of Vilá that the new contract of lease, whose execution is sought to be enforced in this action, should be governed by the same conditions of the said contract of lease of April 8, 1903.

Moreover, the plaintiff testified that at the time of executing the lease of April 8, 1903, in acknowledging his option to continue in possession of the property after the expiration of the renewed period at a monthly rental not to exceed $150, Vilá informed him that there was no need to specify the other conditions of the new contract, inasmuch as it was an offspring of the old one and therefore the same conditions would govern; and further stated that the term of the new contract would be as long as the witness desired, for it was agreed that the only change would be in the amount of rent.

Besides, an act of the Succession of José Vilá y Soler will enable us to ascertain correctly what were to be the conditions of the new contract.

Paracchini testified that in negotiating with the defendants for the execution of the new contract of lease he received a letter from them, which was produced at the trial and reads as follows:

"MR. FRANCISCO PARACCHINI,
        "City.

"DEAR SIR: The object of this letter is to inform you that in answer to your inquiry regarding our conditions for the lease of 'Puerta del Sol' after the expiration of the contract on March 13,

1913, we refer you to our decision conveyed to you verbally through our Mr. Francisco Vilá Palermo on December 20, 1912; namely, $175, Am. cy. monthly, or the same rental paid in currency during the lease beginning March 17, 1895, and ending March 17, 1903,—that is to say, the same monthly rental fixed eighteen years ago.

"Ponce, P. R. January 1, 1913.

<div style="margin-left:2em">
(Signed)        "MARÍA VILÁ DE PIRETO,

"ANTONIA VILÁ DE PAGÉS,

"S. VILÁ,

"F. VILÁ."
</div>

The language of this letter shows plainly that the only condition in the minds of the defendant succession for the execution of the new contract of lease was the amount of the rent which they wished to charge, or $175 monthly, and that they were not interested in the other conditions of the lease. Such conditions were to be the same as those already effective; otherwise the defendant succession would have specified the new ones. If Paracchini had agreed to pay a monthly rental of $175 the new lease would have been executed on that basis and without any other conditions than those governing the former lease.

The act of the defendant succession in writing the above letter will enable us to place the proper construction upon clause 5 of the lease of April 8, 1903; namely, that also on that date lessor José Vilá was only interested in leasing his property for a monthly rental of $150 without changing the other conditions which had been governing the contract.

The letter and spirit of clause 5 of the contract of lease of April 8, 1903, as well as acts prior to, contemporaneous with and subsequent to the lease of April 8, 1903, lead us to the conclusion that the conditions for the right to a new contract of lease of the building "Puerta del Sol," except as to the monthly rental of $150, were not to be stipulated anew, but were to be the same as those already stipulated in the contract of lease of April 8, 1903.

Of course the term of five years of the new contract, which is understood to begin on March 17, 1913, need not be renew-

able for another five years, nor is there any option to renew at the expiration of the said term.

For the foregoing reasons the judgment appealed from should be reversed and another judgment rendered sustaining the complaint and ordering in consequence that the defendants execute an instrument leasing to the plaintiff the town property called "Puerta del Sol," situated in the city of Ponce, as described in the complaint, at a monthly rental of $150 and for the term and under the other conditions stated in the lease of the said property executed on April 8, 1903, by José Vilá y Soler and María de la Paz Palermo to the firm of Paracchini, Toro & Company before Notary Luis L. Yordán Dávila, the term of lease to begin on March 17, 1913, without special imposition of costs.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.